Frank N. Lee, Esq. (SBN 122230)
LAW OFFICE OF FRANK N. LEE
3435 Wilshire Blvd., Suite 450
Los Angeles, CA 90010
franknlee@gmail.com
(213) 487-9777 (tel)
(213) 487-9776 (fax)

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALT & PEPPER CLOTHING, INC., a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>FASHION NOVA, INC., a California Corporation; FASHION VITAMIN, INC., a California Corporation; and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 2:16-cv-5715<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff, SALT & PEPPER CLOTHING, INC., (hereinafter "S&P" or "Plaintiff"), by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff creates and obtains rights to unique two-dimensional graphic artworks for use on textiles, which textiles are transacted primarily in the fashion industry. Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top quality, marketable and aesthetically- appealing designs.

Ongoing and potential customers of Plaintiff obtain design samples from the company with the understanding and agreement that they will only utilize SALT & PEPPER to reproduce said designs should they wish to do so and will not seek to print the designs elsewhere, or make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere.

Despite this agreement, and SALT & PEPPER's exclusive ownership of the copyrights in its designs, parties will still exploit and print SALT & PEPPER 's exclusive designs through third parties domestically and abroad. The Defendant in this case have imported, purchased, and sold without permission product bearing Plaintiff's proprietary, registered textile designs.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391 (c) and 1400 (a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff S&P is an individual residing in the County of Los Angeles in the State of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant FASHION NOVA, INC. ("FASHION NOVA") is a corporation organized and existing under the laws of the State of California and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant FASHION VITAMIN, INC. ("FASHION VITAMIN") is a corporation organized and existing under the laws of the State of California and is doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1-5, inclusive, is a manufacturer, and/or a vendor (and/or agent or employee to a manufacturer or vendor) of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted design (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

8. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend

1  this Complaint to show their true names and capacities when same have been
2  ascertained.

### CLAIMS RELATED TO SUBJECT DESIGN A "PT687 SNP2981"

9.  Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing.  It allocated this design Plaintiff's Internal Design titled "PT687 SNP2981" ("Subject Design A"). A true and correct image of the Subject Design has been attached hereto as Exhibit 1.

10.  Plaintiff received copyright registration for the Subject Design on November 23, 2015, with the Subject Design being granted the assignment of Registration No. VAu 1-227-410.   A true and correct copy of said registration is attached hereto as Exhibit 2.

11.  Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design A to numerous parties in the fashion and apparel industry.

12.  Following this distribution of product bearing Subject Design A, Plaintiff's investigation revealed that certain Defendants were manufacturing, purchasing, distributing, and selling for profit, garments bearing illegal reproductions and derivations of that design, including without limitation the following:

   a. Infringing garment sold at Fashion Nova with "Fashion Nova" label under Style # D2634, CUT# F411161. Receipt is attached as Exhibit 3.

13.  Plaintiff is informed and believes and thereon alleges that the above-referenced  garments were sold by Defendants, and each of them, in numerous styles, sizes, cuts and colors, and notes that the garments at issue in this case are any garments that Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold that may infringe Plaintiff's rights in Subject Design A. Exemplar of infringing garment referenced above is attached hereto as Exhibit 4.

### FIRST CLAIM FOR RELIEF
(For Copyright Infringement- Against All Defendants)

14. Plaintiff repeats, re-alleges, and incorporates herein by reference as

though fully set forth the allegations contained in Paragraphs 1 through 13, inclusive, of this Complaint.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including but not limited to international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments manufactured with fabric lawfully printed through Plaintiff.

16. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed Subject Design in that said garments were composed of fabric which featured an unauthorized print design that was identical or substantially similar to Subject Design.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed on Plaintiff's copyright by creating, making, and/or developing directly infringing and/or derivative works from Subject Design and by producing, distributing and/or selling fabric and/or garments which infringe Subject Design through a nationwide network of retail sores and on-line websites.

18. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

19. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

20. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Subject Design. As such,

Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Subject Design in an amount to be established at trial.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have continued to import, manufacture, cause to be manufactured and/or sell Infringing Garments after Plaintiff demanded they cease and desist from engaging the same. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, which further subjects defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Subject Design renders Defendants, and each of them, liable for statutory damages as described above. Within the time permitted by law, Plaintiff will make its election between actual and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants*

1. With Respect to Each Claim for Relief
   a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyright in any manner, specifically those for Subject Design A;
   b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

     c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C.§ 101 et seq.;

     d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising form the foregoing acts of infringement;

     e. That Plaintiff be awarded pre-judgment interest as allowed by law;

     f. That Plaintiff be awarded costs of this action; and

     g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: August 1, 2016

By: /s/ Frank N. Lee
Frank N. Lee, Esq. (SBN 122230)
Attorney for Plaintiff Salt & Pepper Clothing, Inc.